JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-231 AG (ANx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | TRIPACIFIC MANAGERS, LLC v. MICHAEL K. BURGESS, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**       **[IN CHAMBERS] ORDER REMANDING CASE**

For the reasons that follow, this case is REMANDED to the California Superior Court, County of Orange.

In November 2013, Plaintiff Tripacific Managers, LLC filed a Complaint for unlawful detainer against Defendants Michael K. Burgess and Sophia A. Burgess in state court, seeking to evict Defendants from foreclosed property and requesting related damages. In December 2013, Defendants filed a notice of removal to remove the unlawful detainer case to this Court. ("First Notice of Removal," *Tripacific Managers LLC v. Michael K. Burgess, et al.*, Case No. SACV 13-1982 AG (JPRx), Dkt. No. 1.)

The Court held that it did not have federal subject matter jurisdiction over the case and remanded the case on January 2, 2014. ("First Remand Order," *id.*, Dkt. No. 7.) The Court reminded Defendants that it is important for unlawful detainer cases to get resolved quickly so the landlord does not incur undeserved economic loss and so the tenant is not subjected to unwarranted harassment or eviction. (*Id.* at 2.) The Court ruled that it would "not order a sanction of attorney fees against Defendants, mindful that Defendants are pro se," but it cautioned Defendants "not to improperly seek federal jurisdiction, particularly for delay." (*Id.*)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-231 AG (ANx) | Date | February 21, 2014 |
|---|---|---|---|
| Title | TRIPACIFIC MANAGERS, LLC v. MICHAEL K. BURGESS, et al. | | |

On February 18, 2014, Defendants filed another notice of removal from the same state court case. ("Second Notice of Removal," Dkt. No. 1.) The Second Notice of Removal is identical to the First Notice of Removal, except for the date where Defendants signed it. Since the Court already found all of the asserted grounds for removal inadequate to establish federal jurisdiction, the Court finds this filing to be frivolous. And the Court is concerned that Defendants are "subjecting the landlord to undeserved economic loss," *Lindsey v. Normet*, 405 U.S. 56, 73 (1972), not only because Defendants are causing delay, but because they already caused Plaintiff to file unnecessary motions to remand this frivolously removed case. (*Tripacific Managers LLC v. Michael K. Burgess, et al.*, Case No. SACV 13-1982 AG (JPRx), Dkt. Nos. 4, 5.) The Court awards sanctions of $500 against Defendants to be paid to Plaintiff.

Defendants again fail to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

|  |  | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | lmb | |